Our docket this morning is 21-20553 Fisher v. Moore. Mr. Brush. May it please the court. Good morning. My name is Jonathan Brush and I represent the appellants today. The district court erred when it denied, without explanation, the individual defendant's motion to dismiss predicated on qualified amenity. In this case, Fisher's claim against the individual defendants rests upon the state-created danger theory of liability, which is a purported exception to the no-duty-to-protect-from-private-violence holding of DeShaney. This court has never recognized or adopted the state-created danger theory of liability. Fisher is clear and agrees that the court has never adopted the theory. That's dispositive of this case because in order to defeat the individual defendant's qualified amenity, Fisher has to show the violation of constitutional or statutory right and that the law was clearly established at the time of the violation. Should this panel adopt it on a moving forward basis? No. This panel should not adopt it for several reasons. First and foremost, it's unnecessary to reach the constitutional question in this appeal because it's essentially undisputed, and under this court's most recent precedent on the case, Watts, which was decided a little more than a month ago, a panel of this court, and I believe you were on the panel, Judge Willett, held that because the state-created danger theory had never been adopted, it was the antithesis of clearly established law. That disposes of – I understand that that is sort of – the clearly established step is step two. Correct. And, of course, in Watts, we'd never adopted it, so how can something never adopted be clearly established? But as a matter of kind of guidance for future litigants, courts, parties, I have a little bit of admitted heartburn with kind of leapfrogging step one, because I think it leads to what scholars have called constitutional stagnation, where the law never becomes established, much less clearly so. And it's much easier sledding to leapfrog step one and go straight to step two and pivot totally on clearly established law. But would it not be helpful for future cases and parties to establish the law on a moving forward basis, which may not afford relief to plaintiffs in this case, but might afford relief to similar plaintiffs in future cases? And I know you're referring in part to your doubting concurrence in a case that you wrote within the past couple of years. Here the court should not adopt the theory on a going forward basis. First, it would provide no relief to Fisher against these individual appellants who are plainly entitled to qualified immunity. Second, it's unnecessary to reach the constitutional question in this case because the question remains pending below. The school district's motion to dismiss was denied, and so the school district continues to rule, will continue to litigate this claim under the state-created danger theory of liability. That affords the parties an opportunity to develop a complete record, and a complete record that gives more than just the plaintiff's side of the story through motion to dismiss allegations and allows a more fuller development. And that's important because the question goes to whether or not the court should establish guidance going forward. There's really a two-step layer which makes this very difficult to provide guidance in this context. First, the court has to recognize and adopt the theory for the first time, but it would be adopting it in this specific context. The court would not have then adopted it necessarily in all other contexts. So it's almost a double layer of duty. The first is the exception to the no-duty requirement, and the second is an establishment to say, in this case, school districts have a duty to protect from private criminal conduct when, to put it in the most granular level, a special-needs student sexually assaults another special-needs student. So the level of guidance would be very fine. It wouldn't provide broad-level guidance. It would be very discreet. It would also be very problematic. It would very likely conflict with this court's holding in the Doe v. Covington case where the court categorically rejected the special relationship requirement. If the holding, stated as granularly as I've made it, or even more broadly a duty to protect in the schools from private violence, the court has essentially embraced the special relationship theory of liability. And this court has categorically rejected it, and for good reason. It's simply impossible for school districts to maintain complete supervision of all of the students to protect them from private violence. It would represent a vast expansion of liability against school districts in Texas, Louisiana, and Mississippi, and it would essentially collapse Section 1983 into a font of tort liability. And that's illustrated here on the pleadings in this case where the plaintiff's primary focus is that each of these students whose IEP, their individualized educational plan, required them to be supervised when they were in the halls. They're essentially contending that the school district's employees in the school district violated the IEPs by allowing each of these students out of the classroom unsupervised. Well, we don't know if that was intentional to create a danger, if it was negligent, or merely an oversight. It's also difficult because sometimes the supervision is to protect the student from something as simple as a fall. There are many students who have IEPs for mobility impairment, and they could be injured, but injured in a different manner. Well, they also had one for the abuser. Correct. And the abuser had the IEP as well. But the same issue obtains. It could have been intentional. It could have been negligent. And it wasn't to protect somebody from falling on them or to protect himself from falling. Correct. But the broader point, though, is each of these documents a special education student has is highly individualized. They are tailored to the unique needs of any individual student. And so to establish a broad duty rule, either that school districts have a duty to keep students safe from private violence or that school districts have a duty to keep students safe from private violence committed by special education students who had indicated a propensity for violence, that's still a very broad expansion of the duty. I don't think it would give fair guidance to most educators. I also think it does effectively create the special— Well, it's not limited to schools or educators. We're the only circuit that has not adopted the state-created danger. If we have to follow the rule of orderliness and do not adopt it here, but indicate in our opinion that the case should go en banc to the whole circuit, what do you have to say about that? I think first, should this court adopt the state-created danger theory, I think it would be appropriate for the en banc court to be the one to do it given the rule of orderliness, given the clear prior pronouncements of the en banc court on this topic. But I don't think that this panel should recommend en banc consideration for the reasons that I articulated, is that recognizing the state-created danger theory, particularly in this context, would conflict with Doe v. Covington's well-reasoned holding that rejects the special relationship theory. And the court in Doe v. Covington rejected that special relationship theory because of the recognition that it would essentially create general tort liability for school districts. And I recognize the state-created danger theory expands beyond the schools and beyond school districts, but I think the question that's presented here that the court would have to wrestle with is, do we adopt the theory and does it fit in these circumstances? I may have misunderstood your answer to Judge Willett's question. You said we shouldn't adopt on a going-forward basis because the school district is going to continue to litigate this? Yes, Your Honor. In this case? Correct. I thought you were saying that this is a motion to dismiss, and if we side with you, the case is over. Only for the individual defendants. The school district also moved to dismiss. And so what remains pending in the trial court subject to a stay order is a Section 1983 claim against the school district based upon the state-created danger theory of liability and a Title IX claim. So importantly, the opportunity to develop a full record in this case on these set of facts with this plaintiff still exists because essentially when the district court denied the school district's motion to dismiss, the district court, even though it provided absolutely no explanation for its rationale, tacitly was allowing the state-created danger theory to go forward against the school district, at least past the motion to dismiss stage. Now, we couldn't bring that to the court because it doesn't fall within the collateral order doctrine, exception to the finality rule, and so those claims remain pending. And even if the state-created danger theory as against the school district were to fail in the district court or here, recall, distinct from many other instances, there is another available remedy, and that's the Title IX claim. Title IX creates a potential statutory remedy for unremitied student-on-student sexual abuse. Obviously, I'm not conceding that plaintiffs can prevail on that below, but it does provide an alternative remedy. That's very different from many of the contexts where the state-created danger theory has been recognized by other circuits, particularly in the context of law enforcement, where there is no other complementary statutory remedy. It's Section 1983 or nothing else. And, Judge Wiener, to your comment about other circuits adopting the state-created danger theory, the other circuits have done so in different contexts and with different contours of the rule, and so there's subtle yet important differences in the culpability standard and the scope of the rule. So the Fifth Circuit is not – this isn't an instance where the Fifth Circuit is categorically at odds with the other circuits. But that raises the issue of avoiding the constitutional question when it's not necessary to decide the case. It's not necessary here, and we also have the opportunity to develop a full record that would give notice or not going forward. So the case is unique in that the claim remains against the school district. And ultimately I'll just address the last, I think, main point that Fisher raises, which is the argument that it is clearly established law because there's a robust consensus of persuasive authority, and this goes, Judge Wiener, to your question about the other circuits having recognized the state-created danger theory. They've done so in different contexts with different parameters. And if we were looking at this case with no other jurisprudential history out of this circuit and the other circuits had all endorsed a theory, then there might be a robust consensus of persuasive authority. But here the court does not write on a blank slate. It writes against 30 years of binding authority from other panels and the en banc court. And given that the Fifth Circuit has continued steadfastly to reject adoption, whatever the other circuits say, they don't constitute a robust consensus of persuasive authority. Have we rejected or have we just sidestepped it? Have we declined to recognize tantamount to rejection? So that's really the key question, I guess. I think it's a functional rejection. If it's being rejected in every case on the specific facts of that case and the court typically says, assuming we recognized it, this is what it would look like if we recognized it, we haven't recognized it, but this case doesn't fit the elements as we've articulated them, that's certainly a rejection in that case. It's not a categorical rejection that the court will never recognize. So you're not sure that the not yet adoption is the same as rejection? It's certainly not a categorical rejection. The court has, I think, continued to leave open the possibility, but we have rejections in specific types of cases. We have the panel opinions and en banc opinions where the court has looked at the elements and said it wouldn't meet them here. And that's essentially a factually specific rejection but not a categorical rejection. And what that really means is that the court has consistently been narrowing the scope of what the state-created danger theory would look like if it were ever recognized. And so the theory becomes narrower and narrower and narrower. And I think that to some degree focuses on this court's recognition, sometimes implicit, that the language in Descheny that posits or that the circuits have drawn the state-created danger theory from is not entirely clear that it's a second exception to the no-duty rule. The court, pretty clear that the special relationship would be an exception to the no-duty rule, but it didn't posit a second exception. It used language in its opinion that other circuits and litigants have latched onto to construct a second exception. I think the court has been wise and cautious in refraining from adopting that second exception because it really does lack support, and it also would be very, very difficult to administer. The fact that the court in analyzing these cases has looked at the different facts in each case where the court has analyzed would this meet the state-created danger theory and found that they would not shows the difficulty in administering the rule. And I think here adoption in this context, in this case, would create both a legally and practically difficult rule to administer. It would leave school districts facing general tort liability. It's unfortunate, but it happens, but students will attack each other. Sometimes, as in this case, the allegation is a sexual assault. Sometimes it's just a fist fight. The claim would morph into those claims. Thank you. May it please the court. Steve Sanfilippo and Joe Alexander for Appellee Denise Fisher. Certainly this court said it once, just about a month ago, that a claim that we have expressly not recognized is the antithesis of a clearly established one. But as Justice Willett, you know, and Justice Weiner, you know, that you also held in that case that the state-created danger wasn't even implicated, and during oral argument, appellant's counsel effectively backed off that claim, and it really wasn't argued in that case. So that statement was made. I don't know that it was central to that opinion, and other than this opinion, I'm not sure that any other panel has come out and said so explicitly that if it is not expressly adopted, it cannot be clearly established. If that is the case in this circuit, I don't know where we go from there, but I would submit to you that based upon your prior precedent, that shouldn't be the position. The standard is, another panel of this court just issued last week, is that in order to overcome that clearly established right element, the plaintiff must point to a sufficiently clear foundation in then existing precedent. That dovetails with this court's prior opinions, primarily in Morgan v. Swanson, but I think you've said it dozens of times in other cases, that to answer the question of whether or not state actors are on fair warning that their conduct could violate a constitutional right, you answer the question by pointing either to authority from this court or a robust consensus of persuasive authority that defines the contours of the right in question with a high degree of particularity. If you can ever have a right that is clearly established without this court currently expressly adopting it, I would submit to you that this particular right and the history of it is the case where you would find that at. Now the relevant time period is November 12th, 2019. That was the date of the second attack on Ms. Fisher's daughter. So what would reasonable officials know from this court's precedent? Forget the persuasive authority, I'll get to that, but what would a state actor know from this court's prior precedent as of November 2019? By that time, this court from 1992 has recognized the state-created danger theory as a potentially viable right. By 1994 in the Johnson case, LaFell was issued that year, it had listed and established the specific elements of that cause of action. And then by that time, by November 2019, you have expressed adoption of the state-created danger theory in Breen, albeit it was short-lived, it was three months and it was withdrawn. It was relied upon to reverse a Rule 12b6 dismissal in Scanlon in 2003. The court's passed on, by this time, literally dozens of opportunities to expressly reject it and instead has basically analyzed whether it applied in any given case. And it has applied it and analyzed it in the context of several different school cases, including student-on-student violence in LaFell, Johnson, Rivera, one of them I think was a private actor and not a student, but so student-on-student violence. Lance V. Louisville, a special needs student who committed suicide in the nurse's office. A middle school student sexually assaulted on six separate occasions when she was checked out by someone who wasn't on the approved list. That was Doe V. Covington. And a middle school student violently attacked by a troubled student with a documented history of emotional outbursts and behavior. Very, very similar to our case, that was 2012 in Dixon. On top of that, you had by 2019 nine other circuits that had expressly recognized the state created danger theory. A tenth did it. The First Circuit did it in 2020. All this goes into the hopper of what was known by November 2019. It's tough to say that this wasn't recognized by then and a state official wouldn't be on fair warning that their conduct could violate it under the right set of facts with a known plaintiff. That's really hard to say when the court has gone time after time under this fact scenario, this fact scenario, this fact scenario, we've never adopted it, but this case doesn't meet it. But by 2012, you had analyzed it again literally almost dozens of times. And never held it applied under any set of circumstances. Never held, never rejected it either. I'm just saying from a reasonable actor, that doesn't tell me exactly what I... But I think it tells you that in the right case that it could be there. And what's important is the last two cases, it was Covington, I believe it was Covington and Dixon. In both of those cases, the last holdup was you didn't have a known victim. And that's, it was, and I think it was particularly in Dixon where the court said, unfortunately, as sad as it is, this particular student was a threat to everybody, not anybody in particular. That tells you by implication that if you've got someone you know is a specific known potential victim, you could face liability under the state created danger theory. I think that's fair warning to state officials. And again, that was as of 2012. This case has addressed the state created danger several times since then. So if we're right, if the law is that it has to have been expressly adopted, then save for that three-month period in 2007, we don't have express adoption here. And I can't go anywhere with that. If it is anything less than express adoption, I don't know how you look at this 30, 28-year history, 25 at the time of the incident, and say that didn't provide fair warning, that under a certain set of facts, including our facts here, that could give rise to liability under a state created danger theory. And that is the ball or strike this Court has to call. If it's a bright-line rule that it has to be expressly adopted, well, it hasn't been expressly adopted. If it's anything short, I would submit to you on this record we're there, and this Court should do what the First Circuit did in Fowler in 2020, which said we have never expressly adopted it yet, but it's been well-received by everybody. It's been accepted in all the other circuits. We have laid out the elements before. We have analyzed it before. An actor, a state actor would have been on notice from our prior precedent. We find it not only applicable, but it was a clearly established right, and they held it in Fowler that even though they had not ever expressly adopted it, it still was a clearly established right in that case. I think we're on. If anything, we have more of a history in this circuit than they had in the First Circuit on this issue. The only other thing I'll say, and that's it, that is the issue before the Court. It's either clearly established or it's not clearly established, and if it wasn't clearly established, well, then qualified immunity is, I suppose, something that they would be entitled to. I hate to admit that, but the fact of the matter is if this Court is going to say that there is a bright-line rule that the right had to have been expressly established, well, you haven't held that yet. If that is true, then QI would protect the individual defendants, but the case would still proceed against the district? It would still proceed against the district. And I would just finish and follow up with one thing. One way or another, the Court should decide the issue in this case. We would submit to you it's time to adopt the theory. It has been 20-some years now, and you're literally about the last circuit that has not done so. I would like to point to the dissenting opinion in McClendon v. City of Columbia. Judge Wiener, you joined in this dissent. This was in 2002, 20 years ago, where it was Justice Parker, Justice Wiener, you joined, and he said this circuit's approach of analyzing in a case-by-case basis of whether or not the state-created danger theory applies in any given case without either adopting it or rejecting it has left the issue in, quote-unquote, a perpetual state of confusion. At that time, we were 10 years in, and there were approximately seven cases. We are now 30 years in, just about, and I lost count at two dozen. There's probably more than two dozen times where you have analyzed it and held for one reason or another it didn't apply. That perpetual state of confusion has persisted. We would submit that it's time to end it one way or another, either reject the theory. We would submit it should be adopted, but one way or another it ought to be decided because right now all we're doing is insulating state actors. They are in a perpetual state of insulation from state-created danger liability. As long as you don't take it, if the law is going to be, if it's not expressly recognized, it can never be clearly established. Well, then a plaintiff will never be able to meet the clearly established prong in any state-created danger theory. They're in a perpetual state of immunity. It's time to put an end to that. With that, we would respectfully request that the Court affirm the denial of the 12B6 motion. We think it's clearly established right, but one way or another. The last argument I respectfully take issue with because we said in those cases even if we had a state-created danger theory, this would not meet it. So they're not being protected from their own, as you put it, wrongdoing because in each of those cases we said you still lose. Correct, Your Honor, but my point is this. If you were going to then say but . . . I'm just taking it with . . . I hear what you're saying. Yeah, but if it has to be clearly established, then you recognize that their conduct would have fitted in that and you're going to adopt it in that case, but it's still . . . you're going to say, well, it wasn't clearly established, so they're out anyway. Until you make that first finding that it is expressly adopted, it's the one free bite rule, right? Only there's been free bites for 28 years. No, but I'm saying . . . my point is that they're . . . and you're saying, well, they're getting away with it. In the cases where we've said . . . where we have said if we were to adopt it, this wouldn't meet the standard. In other words, we've actually said let's apply what we think it would look like and you don't get there because of these facts. We've not pre-termitted in every single case analyzing the state-created danger doctrine. That's my only point. Right, but as you're thinking about doing in this case, you could have . . . respectfully, the courts could have done exactly what's they're going to do here 10 years ago and said, look, it's viable. We adopt it. These facts don't fit it, but it is a viable right. That would be . . . well, anyway. Understood. Any other questions? With that, we respectfully request that the court affirm the denial of the 12B6 amendment. Thank you. May I please have the court? Why would this case not fit the state-created danger doctrine if we were to recognize it? It's previously outlined. This case wouldn't fit those parameters because it lacks the affirmative use of authority to create the dangerous condition and to place the student or the known victim into a position of greater harm. It could just as easily under this pleading stage where we're at have been negligence. That's not the sort of affirmative action that the state-created danger theory is designed to capture. With respect to the argument my colleague just made about confusion, to the extent there's confusion, that simply illustrates the clearly established law prong and the absence of clearly established law. The purpose of that prong is to make sure there's fair notice. Given that this court has consistently rejected the application of the theory to the facts on which it has been presented, the court would have given guidance to public educators that they didn't face exposure for failing to prevent private violence. So very different from other contexts in the qualified immunity arena where a defendant is being sued for their own affirmative conduct. For instance, the use of excessive force or an unlawful seizure or retaliation for protected speech. In each of those contexts, the employee is being insulated from their own conduct. This is very different. This is where qualified immunity is insulating the employee from being held legally responsible for the actions of someone else, their criminal conduct, which is the injury-producing event. Well, as a but-for causation, had they done their job with respect to just one of the two, this wouldn't have happened. And that's going to almost always be true in these contexts. And the purpose of qualified immunity in this context is to recognize that simple mistakes, simple negligence can sometimes lead to catastrophic consequences, but as a matter of policy, jurisprudential policy, qualified immunity insulates the public employee. Sort of Morgan v. Swanson, this en banc court noted, for instance, that First Amendment law is so abstruse that public educators will almost always receive qualified immunity in that context. Well, in that context, they're getting it wrong, they're doing their job wrong, but given the complexities of the job and the complexities of the law, they remain insulated. Both as a matter of existing precedent from this court and the rule of orderliness, I think it's clear that the individual defendants are entitled to qualified immunity and the district court's decision should be reversed and judgment rendered in favor of the individual defendants. Separately, this panel should not adopt the theory for the reasons I've already articulated, and we would ask that the court reverse and render judgment in favor of the appellants. If there are no more questions, I will yield the remainder of my time. That will conclude the arguments for today, and all of the cases we've heard this week are now under submission. Thank you.